**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000466
22-DEC-2017
08:17 AM**

NO. CAAP-15-0000466

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THE TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP,
ALSO KNOWN AS KAMEHAMEHA SCHOOLS,
Plaintiffs-Counterclaim Defendants/Appellees,
v.
RONALD G.S. AU,
Defendant-Counterclaimant/Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-0420-02)

AMENDED SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Reifurth, JJ.)

Defendant-Counterclaimant/Appellant Ronald G.S. Au (Au)
appeals from the Final Judgment (Judgment) entered by the Circuit
Court of the First Circuit (Circuit Court)[1] in favor of
Plaintiffs-Counterclaim Defendants/Appellees Trustees of the
Estate of Bernice Pauahi Bishop, Also Known as Kamehameha Schools
(KS). The Judgment was based on the Circuit Court's grant of
summary judgment in favor KS on KS's complaint and its grant of
summary judgment in favor of KS on Au's counterclaim. Au also
appeals from the Circuit Court's order granting in part KS's
motion for attorney's fees (Attorney's Fees Order).

On appeal, Au contends that the Circuit Court erred in
(1) granting KS's motion for summary judgment on KS's complaint;
(2) granting KS's motion for summary judgment on Au's

_____

[1] The Honorable Rhonda A. Nishimura presided.

counterclaim; (3) denying Au's motions to vacate or for reconsideration of the Circuit Court's grant of summary judgment on KS's complaint and Au's counterclaim; and (4) granting in part KS's motion for attorney's fees. As explained below, we affirm the Circuit Court's Judgment and its Attorney's Fees Order.

I.

KS was the landlord and Au was the tenant under a lease for property in an agricultural subdivision (Lease). In 2010, KS and Au filed lawsuits against each other, with KS alleging that Au had failed to make payments due under the Lease and Au alleging that the development of a residential subdivision on adjacent property (approved by KS) prevented him from utilizing his property. The parties resolved their claims through a settlement agreement executed on April 24, 2012 (Settlement Agreement). Under the Settlement Agreement, Au released his claims against KS and agreed to pay KS $62,000.00 for amounts due under the Lease by December 31, 2012, the parties executed an amendment to the Lease, and the 2010 litigation was dismissed with prejudice.

On February 23, 2013, KS filed a complaint in the instant case, seeking to terminate the Lease, evict Au, and recover damages based on Au's alleged failure to make payments due under the Settlement Agreement and the Lease. Au answered the complaint and filed a counterclaim. On June 6, 2013, KS filed a motion for summary judgment on its complaint. On September 18, 2013, the Circuit Court entered an order granting KS's motion, terminating the Lease, and awarding KS monetary damages in the principal amount of $130,735.40. On March 12, 2015, KS filed a motion for summary judgment on Au's counterclaim. On May 19, 2015, the Circuit Court entered an order granting this motion.

Beginning in April 2015, Au filed several motions to vacate or for reconsideration of the Circuit Court's orders granting summary judgment in favor of KS on its complaint and Au's counterclaim. In support of these motions, Au alleged for

2

the first time that the $62,000 owed under the Settlement Agreement had been incorrectly calculated or procured by fraud because KS did not take into account tax refunds Au had obtained through tax appeals he filed regarding the leasehold property. The Circuit Court denied Au's various motions to vacate or for reconsideration, and it entered its Judgment on June 12, 2015. KS filed a motion for attorney's fees. On August 14, 2015, the Circuit Court filed its Attorney's Fees Order which granted in part KS's motion for attorney's fees.

II.

At the outset, we note that Au mixes the evidence and arguments he presented in opposition to KS's motion for summary judgment on its complaint, in opposition to KS's motion for summary judgment on Au's counterclaim, and in support of his motions to vacate or for reconsideration of the orders granting summary judgment. However, the law is clear than when reviewing the grant or denial of a motion for summary judgment, we are limited "to an examination of the materials before the court at the time the rulings were made." Koga Eng'g & Constr., Inc. v. State, 122 Hawai'i 60, 80, 222 P.3d 979, 999 (2010); see Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawai'i 97, 108, 58 P.3d 608, 619 (2002) ("When reviewing a summary judgment, an appellate court's consideration of the record is limited to those materials that were considered by the trial court in ruling on the motion."). Thus, in reviewing the Circuit Court's orders granting summary judgment, we limit our consideration to the evidence and arguments before the Circuit Court when it entered its orders.

III.

Au contends that the Circuit Court erred in granting KS's motion for summary judgment on KS's complaint. We disagree.

Au argues that he was not in default of his payment obligation under the Settlement Agreement because the December

3

31, 2012, deadline was not a firm deadline and because he was led to believe that he would have a one-year grace period if he failed to meet the December 31, 2012, deadline. However, the Settlement Agreement explicitly provided that Au owed "KS an amount totaling $62,000.00" and that this amount was to be paid "in its entirety, on or before, and no later than December 31, 2012."

Au's reliance on an email from KS's counsel prior to the Settlement Agreement to support his claim that he had a grace period to pay the $62,000 is without merit. The Settlement Agreement contained an integration clause which provided that "[t]he Parties represent and warrant that none of them is relying upon any understanding(s), promise(s) or agreement(s) between them other than as expressly set forth herein."[2] Thus, Au's reliance on prior discussions regarding a potential grace period to contradict the unambiguous terms of the Settlement Agreement was barred by the parol evidence rule. See Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 124-25, 839 P.2d 10, 31 (1992). Moreover, the email cited by Au does not support his claim. In the email, KS's counsel notes that the Settlement Agreement does not include a grace period, and KS's counsel states that while Au could request additional time to pay, "we cannot give any assurances as to whether such a request will be approved or disapproved."

We reject Au's claim that the Declaration of Kawika Burgess (Burgess), KS's land asset manager, was hearsay and inadmissible to show the amounts owed by Au under the Settlement Agreement and Lease. Burgess' Declaration statements were not hearsay as Burgess stated that his Declaration was "based on personal knowledge[.]" In any event, Au did not raise a hearsay

---

[2] The Settlement Agreement further provided that it contained "the entire agreement of the Parties and supercedes all prior agreements, understandings, and representations between all parties, whether written or oral, relating to the Actions and the Arbitration."

4

objection to Burgess' Declaration in Au's opposition to KS's motion for summary judgment. Au therefore waived this objection to the Circuit Court's consideration of Burgess' Declaration in ruling on KS's motion. See Price v. AIG Hawai'i Ins. Co., 107 Hawai'i 106, 111-12, 111 P.3d 1, 6-7 (2005) (holding that failure to object to papers supporting a summary judgment motion in the trial court constituted a waiver of such an objection on appeal).

IV.

Au contends that the Circuit Court erred in granting KS's motion for summary judgment on his counterclaim. We disagree.

The Lease required Au to obtain the written consent of KS before he could assign the Lease. Au's counterclaim asserted that KS breached the Lease or acted fraudulently by unreasonably withholding its consent to Au's proposed assignment of the Lease. In opposing KS's motion for summary judgment on his counterclaim, Au contended that there was a factual question as to whether KS unreasonably withheld its consent to Au's assignment of the Lease by requiring financial information regarding the potential assignee. We conclude that the Circuit Court properly rejected Au's contention.

In support of its motion for summary judgment, KS produced evidence that Au did not make a valid request to KS to consent to a proposed assignment because Au did not identify the proposed assignee. "[A] landlord cannot reasonably be expected to consent to an assignment of a lease without knowing the identity of, and having pertinent information about, a proposed assignee[.]" Rowley v. City of Mobile, 676 So.2d 316, 319 (Ala. Civ. App. 1995). Au failed to respond to KS's production of evidence by setting forth specific facts showing that he had advised KS of the name of his proposed assignee. In light of KS's showing that Au failed to identify his proposed assignee, the Circuit Court properly granted summary judgment on Au's claim that KS improperly withheld consent to his proposed assignment.

5

We also conclude that Au's contention that KS's request for financial information regarding the proposed assignee was unreasonable is without merit. The Hawai'i Supreme Court has concluded that ensuring the financial viability of an assignee is not only "reasonable[,]" but also "should be regarded as good business practice on the part of any lessor." Kahili, Inc. v. Yamamoto, 54 Haw. 267, 273, 506 P.2d 9, 12 (1973). As such, we conclude that KS was within its rights to request financial information about Au's potential assignee. This provides a separate ground to support the Circuit Court's grant of summary judgment on Au's claim that KS improperly withheld consent to his proposed assignment.

V.

We reject Au's contention that the Circuit Court erred in denying his motions to vacate or for reconsideration of the summary judgment orders. Au's primary basis for these motions was his alleged discovery that the $62,000 owed under the Settlement Agreement had been incorrectly calculated or procured by fraud because KS did not take into account tax refunds Au had obtained. However, motions for reconsideration or for relief from judgment under Hawai'i Rules of Civil Procedure Rule 60(b) (2006) are not "device[s] to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding." Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 104, 176 P.3d 91, 103 (2008); Cho v. State, 115 Hawai'i 373, 385-86, 168 P.3d 17, 29-30 (2007); Sevenson Envtl. Services, Inc. v. Shaw Envtl., 246 F.R.D. 151, 153 (W.D.N.Y. 2007) (stating that a motion under Federal Rules of Civil Procedure Rule 60(b) "is granted only upon a showing of exceptional circumstances, and cannot be used to relitigate the merits"). In this regard, newly discovered evidence will only serve as a basis for relief from judgment when it is "previously undiscovered even though due diligence was exercised." Kawamata

6

Farms, Inc. v. United Agric. Prods., 86 Hawai'i 214, 259, 948 P.2d 1055, 1100 (1997).

Here, the record shows that the evidence regarding tax refunds on which Au relied to claim that the $62,000 Settlement Agreement amount was improperly calculated was available and could have been discovered through due diligence before KS filed its motions for summary judgment. Indeed, Au acknowledged that he discovered his alleged entitlement to credits for the tax refunds by examining "public tax records," which were available online. Moreover, Au submitted an August 15, 2008, letter from himself to KS officers, in which he stated that he was successful in his tax appeals and that "[t]he assessment earlier made has been reduced." Au also submitted a January 19, 2010, letter from himself to KS's attorney in which the subject of Au's obtaining tax refunds was discussed. We conclude that because the evidence and arguments raised by Au could have and should have been raised in opposition to KS's summary judgment motions, the Circuit Court did not abuse its discretion in denying Au's motions to vacate or for reconsideration of the summary judgment orders.

VI.

Au's opposition to the Circuit Court's award of attorney's fees is without merit. The Circuit Court properly awarded KS attorney's fees pursuant to Hawaii Revised Statutes § 607-14 (2016) based on twenty-five percent of the $130,735.40 in damages awarded on KS's complaint. With respect to the attorney's fees awarded on Au's counterclaim, the Circuit Court awarded roughly half of the attorney's fees requested by KS. We conclude that this was a fair apportionment of the attorney's fees incurred by KS in defending against the assumpsit versus the non-assumpsit claims in Au's counterclaim.[3]

---

[3] We have considered Au's other arguments on appeal and conclude that they are without merit.

VII.

Based on the foregoing, we affirm the Circuit Court's Judgment and its Attorney's Fees Order.

DATED: Honolulu, Hawai'i, December 22, 2017.

On the briefs:

Ronald G.S. Au
Defendant-Counterclaimant/
Appellant pro se.

Dennis W. Chong Kee
Christopher T. Goodin
(Cades Schutte)
for Plaintiffs-Counterclaim
Defendants/Appellees.

Chief Judge

Associate Judge

Associate Judge

8